Knutson, Respondent, vs. Stangl, Appellant.

*May 10—June 18, 1928.*

For the appellant there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

*Albert C. Wolfe* of La Crosse, for the respondent.

ESCHWEILER, J.  The defendant here contends that the evidence is insufficient to support the jury's finding of neg-

ligence in any respect by the defendant and also requires a finding, as a matter of law, that there was contributory negligence by the plaintiff.

We think both of such questions were proper matters for consideration by the jury and that the result so reached and as confirmed by the trial court cannot be here disturbed. Under defendant's own testimony, and that of her sister riding with her, they did not see the plaintiff until they were less than six feet away from him. The street was clear and nothing to interfere with their vision of this highway crossing which plaintiff was using at the customary place and in the usual manner. Under plaintiff's testimony he had already crossed the easterly of the tracks in the center of Third street, and according to defendant's testimony he was two or three feet to the east thereof at the time of the collision. He must therefore have proceeded some distance while clearly within the field of observation of the defendant approaching from the south.

The question of plaintiff's contributory negligence is a close one. He however testified that he made an observation just before stepping off from the curbing and saw an approaching automobile some 180 to 200 feet to the south and then thought he had plenty of time to get to the center of Third street, and beyond, before such automobile would reach the north crosswalk, and his attention was also being given to a street car which he claims was then about to turn on Third street from Vine street.

We think the testimony as a whole on the subject of plaintiff's alleged negligence was such that a verdict by the jury either way could be supported, and therefore we do not feel justified in changing the result reached in the court below. The defendant's challenge to the amount of damages as found by the jury must, however, be sustained.

Plaintiff was taken to a hospital at La Crosse and remained there under treatment until June 26th. The first

examination disclosed bruises and signs of bleeding under the skin on the right side of the back with a tenderness over the fifth, sixth, eleventh, and twelfth ribs on the left side. The first X-ray examinations failed to show any actual fractures, later examinations, however, seeming to indicate a dislocation of the eleventh rib. There was a crepitation and slight rigidity in the left shoulder. He received numerous electrical treatments during this stay at the hospital. He complained of pains and displayed many nervous symptoms during this time.

He returned to the hospital for one day in September for treatment for a carbuncle and again on November 16, 1925, remaining there until March 21, 1926, because of a severe hemorrhage of the bowels due to a duodenal ulcer. His physicians called by him as witnesses were unable to say that there was any definite relationship between the injury received in April and the hemorrhage of the bowels in the following November. Timely objections were made on behalf of the defendant to testimony concerning this subsequent illness and its treatment.

There was received in evidence, over objections, the hospital bill of $273 covering the entire period from April, 1925, to May 13, 1927, and the bill for all medical services and attendance of $596, the items of each so separated, however, as to show that from April 6th until June 8, 1925, the combined amount was $188.75; for the period for the September visit $5.25 and $402 for the last period.

In the instructions to the jury on the question of damages they were told to assess for past and future pain and suffering mental and physical which are reasonably certain to have been sustained due directly to the collision in question, and such sums of money as he has been obliged to pay or is obligated to pay for medical attention or surgical attention, hospital service, etc., due to the accident in question; and further that he was not entitled to any damages for

medical or hospital service or pain or suffering growing out of any ailment which he may have had since the accident which are not directly connected with the injury in question.

From the situation thus presented we are satisfied, first, that there was no proper evidence upon which the jury could assess any sum whatever for pain and suffering or expenses in connection with the hemorrhage and ulcer causing him to be in the hospital from November, 1925, until the following June, and that all such testimony should have been, under the interposed objections, withdrawn from the consideration of the jury; second, that with such subject matters disregarded, as they should have been but yet so evidently considered by the jury, we are bound to conclude that as so assessed the amount must be considered as in excess of what that jury would have otherwise allowed, and the verdict in that respect therefore cannot be permitted to stand.

All the issues other than that as to the amount of damages having been properly submitted and determined by the jury, they need not and ought not to be again tried. But the amount of damages being one as to which the parties are entitled to a jury trial, that question alone should be retried.

*By the Court.*—Judgment affirmed except as to damages, and the cause is remanded with directions for a new trial on the question of damages only. Appellant to have costs in this court.