Krueger, Appellant, vs. Krueger, Respondent.

*December 6, 1928—January 8, 1929.*

For the appellant there was a brief by *E. B. Martineau,* attorney, and *Pierre A. Martineau,* of counsel, both of Marinette, and oral argument by *Pierre A. Martineau.*

*L. M. Evert* of Marinette, for the respondent.

ESCHWEILER, J.   The defendant paid the automobile expenses on the trip.   The plaintiff was, by her own pleadings and under the facts, defendant's guest.   As such guest she took the automobile and the defendant as driver as they were.   Plaintiff knew defendant's prior experience as a driver as well as all the facts surrounding the long drive from noon of the preceding day; the loss of sleep; the discomforts of the night preceding the final stage of the journey.   She was bound to know as a matter of common knowl-

edge that a result such as did follow, viz. of the defendant dozing at the wheel, was reasonably to be expected as an aftermath of the experience which they had all undergone since the preceding noon, although she testified to the contrary. Under such a situation it must be held as a matter of law that the plaintiff assumed the risk incident to the entire situation, there being here no showing upon which it could be said that defendant failed to exercise ordinary care not to increase the danger or to create a new danger. The plaintiff therefore failed to prove a cause of action for actionable negligence. Although no motion for a nonsuit or for a directed verdict appears from the record to have been made by defendant, he did oppose plaintiff's motion for judgment and appears to have moved for a change in the answer by the jury as to contributory negligence. The question as to contributory negligence necessarily involved that form thereof which is referred to as the assumption of risk.

We consider this case controlled, as to holding as a matter of law that there was a failure to show any actionable negligence by defendant, by *Cleary v. Eckart,* 191 Wis. 114, 116, 118, 210 N. W. 267, 51 A. L. R. 576, note at p. 581, and *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203. This rule is recognized elsewhere. *Hornbeck v. Richards,* 80 Mont. 27, 257 Pac. 1025; *Paiewonsky v. Joffe,* 101 N. J. L. 521, 129 Atl. 142, 40 A. L. R. 1335, note at p. 1338.

Where the rule is that gross negligence must be shown to entitle a guest to recover, as declared in *Manning v. Simpson* (Mass.) 159 N. E. 440, a sleeping guest was not permitted to recover against a sleepy driver in *Oppenheim v. Barkin* (Mass.) 159 N. E. 628, even though defendant might be held grossly negligent, while just the opposite was held in *Bushnell v. Bushnell,* 103 Conn. 583, 131 Atl. 432.

It is unnecessary to consider other questions presented on this appeal.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.