Larson, Respondent, vs. Koller, Appellant.

*January 10—February 5, 1929.*

For the appellant there were briefs by *Schubert & Stevenson* of La Crosse, and oral argument by *W. H. Stevenson* and *A. H. Schubert*.

For the respondent there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon*.

The following opinion was filed February 5, 1929:

Crownhart, J.   The court is agreed that the evidence presented a case for the jury on the negligence of the defendant and the contributory negligence of the plaintiff.   We do not discuss the evidence or errors assigned, other than the one concerning the effect of the verdict, as the case must go back for a new trial.

A special verdict was rendered, wherein the jury found, by a vote of ten to two, for the plaintiff as to the negligence of the defendant resulting proximately in causing the damages to the plaintiff, and assessed damages.   The jury further found, by a vote of ten to two, that plaintiff was not

guilty of contributory negligence. But the ten jurors who found for plaintiff on the first issue were not the same ten who found for him on the other issue, and the defendant assigns error that the verdict was insufficient to sustain the judgment.

In *Dick v. Heisler,* 184 Wis. 77, 198 N. W. 734, we held that the constitutional amendment and statute making the same effective, providing for verdicts by five sixths of the jurors, had the effect only of substituting a verdict by ten jurors binding to the same extent and manner as formerly in the case of the unanimous verdict of twelve jurors. Therefore, the same ten jurors had to agree upon all facts which must concur to determine liability.

That case was followed by *Stevens v. Montfort State Bank,* 183 Wis. 621, 198 N. W. 600; *Kosak v. Boyce,* 185 Wis. 513, 201 N. W. 757; *Bentson v. Brown,* 186 Wis. 629, 203 N. W. 380; and *Hobbs v. Nelson,* 188 Wis. 108, 205 N. W. 918, in which various questions were raised and decided, but the rule in the *Dick Case* was repeatedly affirmed. The plaintiff here contends that in *Will v. C., M. & St. P. R. Co.* 191 Wis. 247, 210 N. W. 717, the *Dick Case,* and other cases following it, were overruled. In this he is mistaken. In the *Will Case* it was held that wherever questions covering the liability of defendant were answered by ten jurors, although not the same ten as passed upon other questions, the verdict was sufficient to sustain a judgment for the defendant. This was so because all other questions became immaterial where the questions properly answered covered the whole range of possible liability of defendant. In the instant case the question of contributory negligence was involved in the primary question of defendant's liability. Had the jury, by a ten vote, found the plaintiff guilty of contributory negligence, the other questions answered would have become immaterial, for the defendant's liability would have been determined against the plaintiff by the verdict of

contributory negligence. In the *Will Case,* Mr. Justice ESCHWEILER, after discussing the situation as applied to the facts, put a supposititious case as follows:

"The same situation undoubtedly would arise with reference to the question of contributory negligence. One set of ten jurors might find defendant negligent and that such negligence was the proximate cause of the injury; another set of ten might, however, find that there was negligence by plaintiff proximately contributing to the same injury. That defendant was thus found negligent and proximately contributing to the injury would then become immaterial, so far as plaintiff's ultimate right to recover was concerned, because ten jurors having found that plaintiff himself was negligent, then it follows, as a matter of law, that the plaintiff cannot recover."

Had the jurors—ten or more—here found plaintiff guilty of contributory negligence, the other questions and answers would then have been immaterial, the verdict would have covered the whole range of defendant's liability, and would have resulted in a judgment for defendant. But the jurors did not so find. They found, by a vote of ten jurors, that plaintiff was not guilty of contributory negligence, but they were not the same ten jurors who found for plaintiff on the other issues essential to recovery. Hence the verdict is defective, and a new trial must be had.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on April 2, 1929.