CHRISTENSEN, Respondent, vs. SCHWARTZ, imp., Appellant.

*November 8, 1928—March 5, 1929.*

For the appellant there was a brief by *Wilbershide, Baumblatt & Weisman* of Racine, and oral argument by *J. M. Weisman* and *L. P. Baumblatt.*

For the respondent there was a brief by *Whaley & Paulsen* and *Guy A. Benson,* all of Racine, and oral argument by *Martin R. Paulsen.*

The following opinion was filed December 4, 1928:

STEVENS, J. Upon the record presented, the question of whether defendant Schwartz participated in any conspiracy to defraud was one for the jury to determine.

The verdict rendered is however insufficient to warrant a judgment against defendant Schwartz. Under the five-sixths jury law, sec. 270.25 of the Statutes, at least ten jurors must agree upon the answers to all questions that are essential to establish the liability of the defendant Schwartz. That rule requires that at least the same ten jurors must agree as to the answers that establish the liability of defendant Schwartz and measure the amount of damages sustained by plaintiff. *Will v. C., M. & St. P. R. Co.* 191 Wis. 247, 254, 255, 210 N. W. 717. Applying that rule to the case at bar, it means that at least ten jurors must agree in finding that defendant Schwartz conspired with defendant Petersen to defraud the plaintiff and also in fixing the amount of damages sustained by the plaintiff because of such fraud.

In rendering their verdict each juror who agreed upon the answer to any question signed his or her name after

that answer. It appears from an inspection of the verdict that ten jurors agreed to the answer finding that the defendant Schwartz conspired with the defendant Petersen to defraud the plaintiff. It also appears that only nine of the jurors that agreed upon this answer as to conspiracy concurred in the answer fixing the amount of the damages. It follows that the verdict is defective because the facts essential to establish liability on the part of defendant Schwartz and to measure the amount of that liability were not agreed to by at least ten members of the jury.

This defect in the verdict was not waived by failing to ask a poll of the jury that returned the verdict, under the rule of *Bentson v. Brown,* 186 Wis. 629, 637, 203 N. W. 380, because the verdict showed upon its face that it did not comply with the requirements of the five-sixths jury law, hence it could not be sustained under any presumption of regularity.

In order to preserve the right of the defendant Schwartz to have all issues which fix his liability determined by a constitutional jury, the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

ESCHWEILER, J., dissents.

The following opinion was filed March 5, 1929:

STEVENS, J. (*On motion for rehearing.*) (1) This case was reversed and remanded for a new trial on the ground that only nine jurors had agreed in finding the facts essential to establish plaintiff's right to recover against the appellant Schwartz. The appellant, on this motion, asks the court to abrogate the rule stated in *Larson v. Koller,* 198 Wis. 160, 223 N. W. 426, and cases there cited, and to hold that the same ten jurors need not agree to all answers that are essential to establish appellant's liability. It is plaint-

iff's contention that the special verdict is sufficient to warrant the entry of a judgment against the appellant because all questions that establish appellant's liability are answered by ten jurors, although the same ten did not agree as to the answers made to each of such questions.

Under the constitution as it existed prior to the amendment permitting the five-sixths verdict, all questions essential to establish appellant's liability would have to be found by the unanimous verdict of the jury. The only change wrought by the amendment was to permit the verdict of five-sixths of the jury to be received in place of the unanimous verdict. Otherwise the rights of the parties litigant were not changed by this amendment.

The test by which to determine whether a judgment may be entered where there is a disagreement among the members of the jury as to their answers to the questions in a special verdict is to apply the rule which would have been applied if the case had been submitted on a general verdict. In this case the jury could not have rendered a general verdict against the appellant unless at least ten members of the jury had agreed not only that the appellant conspired to defraud the plaintiff, but also as to the measure of plaintiff's damages. Had the case been submitted on a general verdict the jury would not have rendered a verdict, because ten members of the jury did not agree upon the facts essential to establish appellant's liability. The fact that the case is submitted on a special verdict does not deprive the appellant of his right to have all facts essential to fix his liability determined by the same ten jurors.

The cases relied upon by appellant to sustain his contention are like those cited below where appellate courts have remanded cases for a retrial of a single issue, like the assessment of damages, in which the right to recover damages had been clearly established. *Rogers v. Lurye Furniture Co.* 193 Wis. 496, 503, 211 N. W. 782, 215 N. W. 457; *Krutzka*

*v. Milwaukee B. & B. Club Co.* 195 Wis. 5, 11, 216 N. W. 491; *Knutson v. Stangl,* 196 Wis. 334, 220 N. W. 375, 377. These cases are distinguished from the one at bar by the fact that control over the verdict after it is given was as much a part of trial by jury that is guaranteed by the constitution as is the giving of the verdict itself. That control over the verdict was discussed in a recent case, where it is said that "the right that is preserved by this constitutional provision is the right to trial by jury as it existed when the constitution was adopted." *Campbell v. Sutliff,* 193 Wis. 370, 375, 214 N. W. 374. When the constitution was adopted one of the essential elements of the jury trial was that the jurors should all agree upon all questions essential to establish liability.

Upon the former hearing this court determined that the situation presented by the record was such that the appellant ought to have the right to have all questions relating to his liability determined by another jury, rather than to merely order a new trial upon the question of damages.

(2) The jury assessed punitory damages. The new trial will present the question whether punitory damages are recoverable in this action in which it is alleged that the defendants were guilty of a conspiracy to defraud by misrepresenting the price paid for property in which the plaintiff purchased a half interest relying upon such representations.

The cases in other jurisdictions are in conflict on the question whether punitory damages may be recovered in such an action. That question has never been determined in Wisconsin, although the right to recover punitory damages in a fraud action was questioned in *Barber v. Kilbourn,* 16 Wis. 485, 489–490.

Under the rule that prevails in Wisconsin the fact that a conspiracy is alleged does not give one a right to recover punitory damages, unless the purpose of the conspiracy was

a wilful violation of rights, under such circumstances of aggravation and insult as to evidence wantonness or malice, as in *Gatzow v. Buening,* 106 Wis. 1, 19, 81 N. W. 1003. When wrongs are inflicted under such circumstances, the right to recover punitory damages is firmly established in the law of Wisconsin. Nearly three quarters of a century ago in *McWilliams v. Bragg,* 3 Wis. 424, this state cast its lot with Mr. Sedgwick in his now famous controversy with Mr. Greenleaf over the right to recover punitory damages. The correctness of this rule has been questioned. *Bass v. C. & N. W. R. Co.* 42 Wis. 654, 672; *Brown v. Swineford,* 44 Wis. 282, 286, 288. But it is firmly established as a part of the jurisprudence of Wisconsin.

Since the rule was first adopted in this state it has always been held that, in order to warrant the assessment of punitory damages, it must appear that the wrong was inflicted "under circumstances of aggravation, insult, or cruelty, with vindictiveness and malice." *McWilliams v. Bragg,* 3 Wis. 424, 431. There are no circumstances of aggravation, insult, cruelty, vindictiveness, or malice in the case at bar. The only injury claimed by the plaintiff is the loss of a fixed and definite sum of money. Under the facts alleged by him he is not entitled to recover punitory damages.

*By the Court.*—Motion for rehearing denied, with $25 costs.