GRANDHAGEN, Respondent, vs. GRANDHAGEN and another, Appellants.   [Two cases.]

*June 4—June 24, 1929.*

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

For the respondent there was a brief by *Curran & Sher* of Superior, and oral argument by *Robert E. Curran.*

STEVENS, J. 1. The first issue presented is whether there is evidence to sustain the findings of the jury that Oscar Grandhagen was guilty of negligence. The defendants contend that he was required to act in a sudden emergency and that the injuries sustained by Tina Grandhagen were caused by unavoidable accident.

Oscar Grandhagen testified that he was looking ahead

watching the road, with both hands on the steering wheel, when an occupant of the car called his attention to the fact that there was a bee on his arm; that, keeping his left hand on the steering wheel, he struck at the bee with his right hand, at the same time looking towards the bee instead of at the road for the space of a few seconds. Just at this time the car struck a soft spot in the road with loose gravel upon it. Oscar Grandhagen testified that the wheel seemed to turn out of his hand as the car started toward the side of the road. He was not able to turn the automobile back on to the graveled part of the highway and its right wheels sank in the soft earth on the edge of the shoulder and tipped over, causing injury to plaintiff Tina Grandhagen. Before Oscar Grandhagen tried to kill the bee the car had been traveling at from twenty to twenty-five miles per hour over a hard-surfaced graveled state trunk highway.

This testimony presents a rather close question of fact. But the court is satisfied, after reviewing the entire record, that it does present a question for the jury.

"An automobile moving at an ordinary speed requires the constant attention of the driver, if it is not to become a menace to the safety of its occupants, as well as pedestrians. The locomotive engineer may contemplate the landscape with comparative assurance that his train will not run into the ditch, but the driver of an automobile may take but momentary glances at his surroundings if he would keep his car upon the highway and preserve the security of its occupants. The dangers incident upon the inattention of the driver of an automobile are very great. Inattention to his driving for a fraction of a second may plunge the car into the ditch, bringing death or serious injury to the occupants." *Sommerfield v. Flury,* 198 Wis. 163, 169, 223 N. W. 408, 411.

In *Duby v. Columbia County,* 194 Wis. 172, 174, 215 N. W. 819, it was held that a question of fact for the jury was presented where the driver of an automobile failed to

keep his eyes constantly fixed upon the road in front of him where there was no warning that there was danger ahead.

2. The defendant Casualty Company issued a policy of insurance to Oscar Grandhagen under which it was the duty of the Casualty Company to defend this action and to pay the judgment which is here in question. The policy contained the provision that "No action shall lie against the company until the amount of damages for which the assured is liable by reason of any casualty covered by this policy is determined, either by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company." The answer of the Casualty Company pleaded this provision of the policy in abatement of the action. The trial court overruled this plea and the trial proceeded against both defendants. After the trial had closed and after the decision was rendered in *Morgan v. Hunt*, 196 Wis. 298, 220 N. W. 224, the trial court dismissed the action against the Casualty Company.

The Casualty Company appealed from the judgment. We do not see that the company had any ground upon which to appeal from the judgment determining that plaintiff had no cause of action against it. But this question is largely an academic one, because the liability of the company to pay the judgment gave it the right to conduct this appeal in the name of the assured. *Employers Mut. L. Ins. Co. v. McCormick,* 195 Wis. 410, 412, 217 N. W. 738.

3. During the course of the trial counsel for the plaintiff established, over the objection of the defendants, that Oscar Grandhagen was insured by the Casualty Company. We assume that counsel was led to offer this proof by the fact that the court had erroneously refused to dismiss the action against the company. On a new trial the Casualty Company will not be a party, and counsel will have no occasion to refer to the fact of this insurance and should not be permitted to do so. *Papke v. Haerle,* 189 Wis. 156, 163, 207 N. W. 261.

4. The court instructed the jury that "the owner or driver of an automobile upon the public highways owes to a gratuitous guest the duty of exercising ordinary care to avoid personal injury to him." This imposed a greater burden upon the host than the law imposes. "The duty which a host owes to his guest, or which the driver of a car owes to its occupants, is that of licensor and licensee. This calls for the slightest degree of care in any human relation, except that in the case of trespasser, or those relations where no liability arises except for gross negligence. The duty so devolving upon the driver of the car is said to be not to increase the danger, or to add a new one. Obviously the danger which he is under obligation not to increase is the danger which may be anticipated upon entering the car." *Sommerfield v. Flury,* 198 Wis. 163, 168, 223 N. W. 408, 411. After giving the erroneous instruction quoted above the court gave the jury a correct statement of the law.

The court also instructed the jury that "it is the duty of every driver of a motor car upon the highway to keep his automobile at all times under control, and if he fails to have his car under control he is guilty of want of ordinary care." Here again the court imposed an undue burden upon the defendant. The duty of Oscar Grandhagen was to exercise ordinary care to keep his automobile under control. The instruction imposed the absolute duty to keep the automobile under control at all times, regardless of the question of whether ordinary care was exercised in so doing.

Both of these instructions were given in connection with a question that asked the jury to determine whether Tina Grandhagen was guilty of negligence. But by their terms these instructions clearly related to the negligence of Oscar Grandhagen and must have been so understood by the jury. Jurors cannot be expected to tag each instruction as it is given and to consider it only in connection with that question.

It may be urged that the erroneous instruction as to the

duty of a host to his guest was cured by the later instruction which correctly stated the law applicable to that relationship. But no attempt was made to correct the erroneous instruction as to the duty of the driver of a car to keep it under control at all times. This case turns upon the questions of fact which might be decided either way under the evidence contained in this record. Oscar Grandhagen was entitled to have these issues determined under instructions that correctly define his duties. The court believes, after an examination of the entire record, that these erroneous instructions did prejudice defendants' substantial rights.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.