PAGE, Respondent, vs. PAGE, by guardian *ad. litem,* Appellant.

*October 7—November 5, 1929.*

642

For the appellant there was a brief by *Hughes & Anderson* of Superior, and oral argument by *R. E. Anderson.*

For the respondent there was a brief by *Wilson & Wilson* of Superior, and oral argument by *Henry C. Wilson.*

ESCHWEILER, J. We are satisfied that judgment should have been directed for the defendant in this case under the rule now adopted in this state that the driver of an automobile on the public highway owes to the gratuitous guest the duty to exercise ordinary care not to increase the danger to the guest or to create a new danger. *Cleary v. Eckart,* 191 Wis. 114, 117, 210 N. W. 267, 51 A. L. R. 576, and the subsequent cases of *Olson v. Hermansen,* 196 Wis. 614, 619, 220 N. W. 203, and *Krueger v. Krueger,* 197 Wis. 588, 222 N. W. 784. See, also, note in 61 A. L. R. 1252.

In this case the sole negligence found by the jury or suggested in the record was with respect to the speed with which the defendant drove around the curve.

This propensity in the daughter, in common with many drivers, of turning corners at a dangerous rate of speed was, under the uncontradicted evidence in this case, well known to the mother; for the plaintiff herself testifies that usually she felt quite safe with her daughter's driving, "but sometimes I feel nervous in turning a corner, turn a little too fast," and that defendant was driving in her usual manner at the time of the accident, and that at other times she drove faster. The plaintiff, therefore, in becoming a gratuitous guest as she did, with a driver who she knew had the very fault, failing, or custom, whichever it may be, which caused the accident, of making turns too fast for safety, must be held under the authorities above cited to have knowingly assumed such risk.

The situation here is so near like that disclosed in *Olson v. Hermansen,* 196 Wis. 614, 619, 220 N. W. 203, *supra,* as to make it unnecessary to now indulge in further discussion.

The jury's findings that the defendant was not driving her automobile in her usual and customary manner immediately prior to the accident, and that the plaintiff was not familiar with the manner of defendant's driving, are so clearly contrary to the undisputed evidence in this case that they can have no weight in its determination.

In so disposing of this case on the ground that the plaintiff assumed the risk, it is unnecessary to consider or decide the question of possible non-liability because of the relationship between the parties and defendant's minority, just as we left a similar question undetermined in *Krueger v. Krueger,* 197 Wis. 588, 222 N. W. 784, *supra.*

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.