THOMAS, Respondent, vs. STEPPERT, Appellant.

*December 4, 1929—January 7, 1930.*

For the appellant there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

For the respondent the cause was submitted on the brief of *F. P. Regner* of Wausau.

OWEN, J. The jury found that the accident was due to inadvertence and lack of attention on the part of the defendant in the operation of the car, and not to his lack of skill. The main contention of the appellant is that there is no evidence to sustain such finding.

It must be conceded that the evidence leaves much uncertainty as to the cause for the unusual performance of the car upon the occasion in question. The plaintiff testified that "When he got just around the curve, the car just jumped as if he had stepped on the gas quick and the car started to sway, first to the right side of the road and then to the left side, jumped a ditch and went through a fence into a farmer's field. The car jumped as if it went faster. I did not see Carl step onto anything, but he was moving his feet and his hands as if he got excited after the car started to go faster." She further testified that "Up to the point of the accident we went around a few curves and he made them without difficulty. He was driving carefully. I was satisfied with his method of driving at all times. After the car started to speed up, I think he got nervous and lost control of the car."

Gertrude Egner testified that "The speed of the car was about the same until we got just about around the curve and then the car gave a jump or jerk and then we began to sway. It seems as if we went faster after we got around the curve."

The defendant testified that when "we came up to the curve, I should judge I was going around twenty-five to thirty miles an hour. I saw the curve sign just as Verna Thomas mentioned it. I got just a side glance at it. I then immediately took my foot off the accelerator, that is, the gas pedal. I didn't put my foot on the brake. The car gave a jerk and slowed up some. I didn't put my foot on the gas accelerator any time after that up to the accident. I had my foot entirely off, right on the floor. We had just got around the curve when we tipped over. The car swayed on me and I tried to steer it in. I knew I didn't dare to give it a quick turn because I knew it would jerk us over on the side, so I gradually came to the side that way, but the car swayed so I couldn't control it, and it tipped over on its left side off the road through the fence about six feet from the road."

Ben Knipple, who was an experienced car driver, testified that "This curve where the accident happened was a long rounding curve. It didn't require slowing up. I have made it a number of times going forty to forty-five miles an hour. It isn't difficult to make it at that speed. Carl was driving between thirty and thirty-five miles an hour when he came up to this curve. I didn't see the curve sign. I heard Verna say, 'Curve.' I didn't feel any difference in the speed of the car until we were around the curve a little and then there was a little jerk as if he had left his foot off the accelerator. The car started swaying then and tipped over. It swayed two or three different times and then rolled over. This all happened all of a sudden. There wasn't any perceptible time between when we hit the curve and it started swaying and tipped over. The road was good." On cross-examination he testified: "I noticed as we got to the turn a jerk that I thought was Carl taking his foot off the accelerator—the gas. The car didn't go faster at any time until

it turned over to my knowledge. I couldn't see anything there that accounted for the swaying. I should judge the car was going about twenty to thirty miles an hour. I couldn't account for the swaying of the car at all."

It is said in respondent's brief that there is no evidence of failure to keep a proper lookout, no evidence of excessive speed, no evidence of failure to apply the brakes, no evidence of unsafe roadbed, and no evidence of a defect in the car. It is affirmed that because of inadvertence and the inattention of the defendant as driver he failed to operate the automobile safely, and by his inadvertence or inattention he lost control of the car and caused the accident. This brings the inquiry down to a very narrow compass, and requires us to consider the conduct of the defendant, scarcely more than momentary in its duration, and as to which there is no direct evidence.

Any liability on the part of the defendant must be predicated on some permissible inference from the fact that the car tipped over and a flat tire found thereon. We think it safe to say that the common experience of drivers does not suggest in a satisfactory or compelling way at least the reason for the tip-over under all the circumstances of the case. Such a result should not obtain from acceleration alone, independent of any other cause. The car reached a point on the curve where it was proper to accelerate gradually at least. In view of all the circumstances, the behavior of the car could hardly be accounted for on the hypothesis of excessive acceleration. However, the conclusion that there was excessive acceleration is not at all in harmony with the manner in which the defendant drove the car leading up to the time of the accident. The speed of his car was moderate during the entire portion of the trip, and there was nothing to indicate a reckless or careless disposition. There is no reason to believe that he deliberately accelerated the speed in an excessive manner while yet on the curve. Perhaps imagination reveals the possibility of

similar action on the part of a car where there is a flat tire, accompanied by excessive acceleration. The result, however, is one not to be expected from a mere flat tire where the car is under the management of a skilled and experienced driver. He would suspect the difficulty by the feel or action of the car and bring it to a stop. It is not inconceivable that an inexperienced driver might lose his head upon discovering the swaying of the car and, in reaching for the brake, strike the accelerator with his foot instead. That under such circumstances continued pressure upon the accelerator would result in a complete loss of control is not improbable. This is probably what occurred, as the plaintiff herself testified that "after the car started to speed up I think he got nervous and lost control of the car." If so, this was due to his inexperience. It seems clear that, whatever caused the original swaying of the car, the tip-over would not have occurred if the car had been in the hands of an experienced driver. Apparently the defendant lost control after the car commenced to sway. If the swaying induced nervousness on the part of the defendant, it was due either to his lack of experience or to an exceedingly nervous system. The only permissible inference seems to be that the defendant lost control of the car because of his lack of skill and experience.

Plaintiff knew that the defendant had recently acquired this car, that he was learning to drive it, that but a few days before he did not consider himself sufficiently qualified to ask her to ride with him, and under these circumstances she assumed the dangers incident to his lack of experience. *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267; *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408. At any rate, it appears that this inference is just as reasonable as the inference that the accident was due to the inadvertence and lack of attention of defendant. Even though one inference is as permissible as another, the jury could do no more than to guess at the cause of the accident, and mere conjecture

will not sustain verdicts. *Musbach v. Wisconsin Chair Co.* 108 Wis. 57, 84 N. W. 36; *Quass v. Milwaukee G. L. Co.* 168 Wis. 575, 170 N. W. 942; *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736. The evidence does not establish the liability of the defendant upon any theory, and the complaint should have been dismissed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.