IN RE ESTATE OF THOMAS J. O'BYRNE.
MARY McGUIRE, APPELLEE, V. ESTATE OF THOMAS J. O'BYRNE ET AL., APPELLANTS.
277 N. W. 74

FILED JANUARY 7, 1938. No. 30167.

*Lanigan & Lanigan* and *Cleary, Suhr & Davis,* for appellants.

*Wear, Boland & Nye* and *P. J. Kerrigan, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and MUNDAY, District Judge.

DAY, J.

A claim was filed by Mary McGuire in the county court of Greeley county against the estate of the Reverend Thomas J. O'Byrne. It was disallowed, and appeal was perfected to the district court, where a jury returned a verdict in favor of the claimant for $2,000. The administrator appeals to this court.

The claim was for injuries sustained by the claimant while riding as a guest in an automobile owned by Father O'Byrne. At the time of the accident Hugh McGuire, husband of the claimant, was driving the automobile as agent of the owner. The claim for liability is based upon the failure of the owner to notify the claimant of a defect in the steering apparatus of the car which caused the accident. The Reverend O'Byrne lived at O'Connor and was pastor of the church there. He had been in bad health for several months, and had taken medical treatment in Grand Island and Omaha. Upon one of these occasions he stayed at the home of the claimant and her husband. During one of his

visits in Omaha, while he was in a hospital there, he left his car at their home. On the day of the accident the claimant and her husband had been with the Priest on a trip to O'Connor. Returning home, at a point in the highway between Monroe and Columbus, the accident occurred. The claimant was seriously injured. Father O'Byrne died soon after, not as a result of the accident, and did not testify at the trial of this case.

The question presented upon this appeal by the pleadings was the propriety of the trial court directing a verdict for the defendant at the close of the testimony. The only issue is the liability of the owner of the automobile for the accident. The liability is predicated upon the failure to notify a guest of a defective steering gear.

There is no evidence in the record that Father O'Byrne ever personally operated the car. There is evidence that other men drove the car, and, at the time of the accident, Hugh McGuire was driving it at the Priest's request. According to the testimony, Mr. McGuire was an experienced automobile driver, and it is obvious that the accident did not occur without cause. At the time, Father O'Byrne was a passenger in the car, and it is equally apparent that he would not have knowingly exposed himself to an unreasonable risk. The cases are not entirely in accord regarding the liability of the owner or operator of an automobile for injuries to a guest caused by its defective condition. But it is generally held in the absence of guest statutes that one is liable to his guest for injuries caused by a defective latent condition of which he is aware. The rule is stated in 4 Blashfield, Cyclopedia of Automobile Law and Practice, 150, as follows: "He is answerable for injuries to guests caused by a defective or dangerous condition of the automobile of which he is or should be aware, which defect is not reasonably obvious to the guest and is unknown to him, if he should realize the unreasonable risk to the guest created by such defect."

A sister state says: "Automobile host is liable for injuries to his guest caused by known defective condition of

the car if he should have realized * * * unreasonable risk to the guest, to whom the defect was not * * * reasonably obvious, and the host failed to give warning." *Waters v. Markham*, 204 Wis. 332, 235 N. W. 797.

The Wisconsin court in the case of *O'Shea v. Lavoy*, 175 Wis. 456, 185 N. W. 525, states that the situation was analogous to the case of one invited into a home, and that the legal relation was that of licensor and licensee. In *Waters v. Markham, supra,* the court came to the conclusion upon this theory for the rule appearing in Restatement, Torts, sec. 342, where the rule applicable is stated in the following language: "A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to warn them of the condition and the risk involved therein." The rule in *Waters v. Markham, supra,* seems to be fair and just, defining the liability of host for injuries to his guest caused by a defective automobile.

In *Petteys v. Leith,* 62 S. Dak. 149, 252 N. W. 18, the court said: "Host must give warning of any known concealed defect in automobile to guest who does not assume danger from such defect unknown to him."

An authority states the rule in other language: "It is held that a guest who comes upon the premises or enters a vehicle of another must take such premises or vehicle as he finds them and as it pleases the owner, in the exercise of his right of dominion over his own property, to maintain the same, provided, of course, such owner does not fail in the duty of informing or warning the guest of that which might be considered a trap or concealed defect, or does not, by any act of his, create a new danger." 5 Am. Jur. 630.

In *Higgins v. Mason*, 255 N. Y. 104, 174 N. E. 77, the court said that the owner of an automobile is liable for the death of his guest only if he knew of a dangerous condition, realized the risk, and believed that the guest would not discover the latent condition and failed to warn him. The rule to be deduced from the authorities is that an automobile host is liable for injuries to a guest caused by a defective automobile where the defect is known to him, but not known or discoverable by the guest. In the state of the record of the present case, the automobile host is liable for the injuries to his guest if the defect was known to him and was not discoverable by the guest, and if he failed to warn the guest of the defect.

The burden of proof, of course, is on the plaintiff who must prove the allegations of his petition that the claimant, a guest, was injured as a result of gross negligence on the part of the host. The claimant's right to recover is limited by section 39-1129, Comp. St. Supp. 1937. This statute is considered in *Morris v. Erskine*, 124 Neb. 754, 248 N. W. 96, and other subsequent cases. It is in that case that the meaning of "gross negligence" is determined. That case is authority for the rule that the evidence of gross negligence within the meaning of the statute, as fixing host's liability to guest, must be determined by the circumstances of the case.

There is a question whether, under our "guest statute," the owner of an automobile is always grossly negligent if he knows of a latent defect, undiscoverable to his guest, and fails to warn him of the danger. He surely must realize the danger to which he subjects his guest. In *Gifford v. Dice*, 269 Mich. 293, 257 N. W. 830, it was held that a motorist under the circumstances of that case was only ordinarily negligent, and was not liable under their guest statute. It is not important here, for the evidence in this case does not disclose that the host was negligent in any manner.

An examination of the record fails to reveal that the defective steering gear in the automobile involved in this

case was the cause of the accident. Immediately following the accident, the driver of the car, the husband of the claimant, made a written statement that he did not know what had caused the accident. At that time he said that, in attempting to pass another car, he was unable to turn his car back into the road, and that this was probably caused by soft road or gravel. Even at the time of the trial he does not testify that the accident was caused by a defective steering gear. He does state that probably there was some defect in the steering gear or "wish-bone" of the car. This court cannot draw a conclusion when the witness who was most concerned with this accident, driving the car, could not at the time, nor at this time, draw a positive conclusion as to the cause of the accident.

In order to recover in this case, it would be incumbent upon the claimant to prove that Father O'Byrne, the owner of the car, had knowledge of the defect in the automobile. The proof offered by the claimant is that a young man, Cavanaugh, who frequently drove this car for Father O'Byrne, had, upon two occasions when accompanied by Father O'Byrne, experienced accidents resulting from the condition of the steering gear. In order for the owner to become liable, it must appear that the existence of the defect was known to him. The evidence is that Cavanaugh told Father O'Byrne that he had better trade his new car for another make. The record indicates that this was said rather facetiously, and in a sort of jocular derision. The evidence is that Cavanaugh never mentioned the defective steering gear, and that, when he examined the car, he did not find any defect in the steering gear. The accidents referred to were very slight, and merely caused the car to leave the road momentarily. There is no evidence that the owner knew of a defective condition in the steering gear, or that it was the cause of the slight accidents. It is not evident that the owner realized that there was any risk in driving the car, because he frequently rode in it afterwards. The car was driven many times thereafter by Cavanaugh. It was driven many times by Mr. McGuire

prior to the accident in this case. There is, therefore, a lack of evidence that there was a defect in the car, and that the defect was known to the owner to be a hazardous risk for those riding therein. The claimant, therefore, not having established by any evidence that the owner of the automobile was grossly negligent, there cannot be any recovery.

REVERSED AND DISMISSED.