## MAYBEE v. MAYBEE.

No. 5098.   Decided June 7, 1932.   [11 P. (2d) 973.]

*J. W. Stringfellow,* of Salt Lake City, for appellant.

*Geo. H. Smith, R. B. Porter,* and *W. Hal Farr,* all of Salt Lake City, for respondent.

FOLLAND, J.

This is an action to recover damages for personal injuries alleged to have been suffered by plaintiff because of negligence of defendant. In her complaint the plaintiff alleges that both plaintiff and defendant are residents of Salt Lake City, Utah; that plaintiff, at the invitation of the defendant, made a trip in defendant's automobile to the east as for as Toronto, Canada, and while returning to their home in Salt Lake City and while driving on a highway in Colorado on August 4, 1928, the automobile, being driven by defendant, was overturned by reason of the negligent and careless driving of the car, greatly and permanently injuring the plaintiff; that at the time the automobile overturned defendant was driving at a rate of about forty miles an hour when the automobile struck a rut or chuck hole in the highway which defendant did not see by reason of her

defective eyesight; that defendant is and was very near-sighted, and for more than twenty-five years had been compelled to wear eyeglasses to enable her to see with normal vision; that at the time of the accident defendant was care-lessly and negligently driving her motorcar without the aid of the eyeglasses, and because she was not wearing her eyeglasses she did not see or observe the chuck hole or rut while carelessly and negligently driving the car at a rate of forty miles per hour. Defendant answered, denying gen-erally the allegations of negligence, and alleging that the plaintiff of the age of eighteen years had resided with and at the home of the defendant for more than seventeen years and is the daughter of defendant; that defendant was at the time of the accident driving without her glasses, and that plaintiff knew the defendant, her mother, was driving without glasses and had been doing so for some time, and well knew that defendant was nearsighted and had worn glasses for a long period of years for the purpose of cor-recting her vision, and, knowing this, permitted herself to be driven over the highway without making protest or tak-ing precautions for her own safety; and that, if she was injured as alleged, the injuries were the result of her own negligence and carelessness directly contributing thereto; that the matters and things alleged in plaintiff's complaint as constituting negligence on the part of the defendant were fully known to plaintiff and appreciated by her, and were open, obvious, and well known to her, and that she assumed the risk thereof. For a further defense defendant alleged that plaintiff was under twenty-one years of age at the time of the accident, and under the laws of the state of Colo-rado she had not attained her majority and is not now of legal age under the laws of Colorado and is therefore with-out legal capacity to sue, and the court was without juris-diction.

The cause was tried to the court and a jury. At the close of the evidence, after plaintiff and defendant had rested, on motion of defendant and by direction of the court, the jury

returned a verdict in favor of defendant and against the plaintiff "no cause of action." The motion for a directed verdict was granted on the grounds, among others, that plaintiff had no legal capacity to sue, and that plaintiff was guilty of negligence which caused or contributed to the accident. The defendant appeals and assigns as error the granting of the motion for a directed verdict.

Respondent has made and filed a motion to strike the bill of exceptions on the grounds that it was "not settled, served, and/or allowed within the time allowed by law or orders of the court," and that the bill fails to affirmatively show that "it was served, settled, and/or allowed within such time. The objection seems to be that the orders by the court extending the time within which to prepare, serve, and file a bill of exceptions are not incorporated in the bill of exceptions. Such orders are, however, found in the judgment roll. The bill of exceptions was served and settled within the extended time provided by the court's orders. The former practice in this state required that any orders extending time be incorporated in the bill of exceptions or at least that the certificate of the trial judge show that the proper orders had been made extending such time, and that the bill was served within the time allowed by law or extended by the court. *Ukon Water Co.* v. *Rooker,* 56 Utah 294, 190 P. 778; *Jeremy Fuel & Grain Co.* v. *Denver & R. G. R. Co.,* 59 Utah 266, 203 P. 863. The requirement that such orders be incorporated in the bill of exceptions has been changed by statute, Comp. Laws Utah 1917, § 6867, as amended by chapter 52, Laws of Utah 1925, p. 112, so that now it is sufficient if orders made by the court extending the time within which to prepare, file, and serve the bill of exceptions are included in the judgment roll. When such orders extending time are made and appear in the judgment roll, and the record shows the bill was served within time allowed by the court, the bill will not be stricken. The motion to strike the bill of exceptions is denied.

A most interesting subject for investigation is presented in the question of plaintiff's capacity to sue, and large portions of the briefs are devoted to a discussion thereof. We feel justified in passing that question without decision, for the reason that in any event the action of the court in directing the verdict must be sustained and plaintiff barred from recovery because of her own concurring negligence.

Ordinarily, where an accident occurs and injury results, the question of whether or not the injured person has or has not exercised the degree of care imposed by law is one of fact to be determined by the jury, yet, where the facts are not in dispute and are of such character that reasonable minds can arrive at but one conclusion, it is the duty of the court to declare such conclusion as a matter of law, *Atwood* v. *Utah Light & Railway Co.* 44 Utah 366, 140 P. 137, 140.

In this record the facts are free from conflict. The only witnesses were the plaintiff daughter and the defendant mother, whose testimony was singularly in agreement. The pertinent facts are these: The plaintiff, a daughter of the defendant, was born in Salt Lake City, April 23, 1910, and since her birth has resided continuously with her parents in Salt Lake City. The mother was the owner of a Dodge coupe, and in the month of July, 1928, the mother, and the daughter at the mother's invitation, took a pleasure trip to the East in the mother's car and were returning home from their trip at the time of the accident which occurred on a public highway in Colorado. The mother was very nearsighted and had worn eyeglasses since she was a girl in school. She always wore her glasses when she went out of doors and when driving her automobile. Her vision was good for reading and close work. The daughter had known practically all her life that the mother was nearsighted and had to wear glasses. On the afternoon before the day of the accident while driving the car the mother had broken her glasses. The next day the mother drove the car without her glasses and had been so driving three or four hours before

the accident happened. Just before and at the time of the accident the plaintiff was riding in the same seat with and beside her mother and was reading a book. Plaintiff had asked her mother once or twice whether she was getting along all right without her glasses and the mother replied that she was. The speedometer of the car was broken, but both the mother and daughter estimated the speed at which the car was traveling before and at the time of the accident at between forty and forty-five miles an hour. This was about the same rate of speed at which they had habitually driven on the trip. The road on which they were driving was a hard-surfaced road, and the chuck hole into which the car went was approximately three feet in length, two and one-half feet in width, and a foot deep. Neither plaintiff nor defendant saw this chuck hole before the accident. The defendant testified she could have seen it had she been wearing her glasses. The plaintiff did not see it because she was paying no attention to the road, but was reading a book. She, however, saw the hole after the accident and described its dimensions as we have indicated. At the time of the accident plaintiff was eighteen years of age having become of that age April 23d previously. Plaintiff testified that she had driven a car since she was sixteen, was familiar with the operation of the Dodge coupe and had alternated with the mother in driving the car on their trip East and the return. There is no evidence that Plaintiff protested against her mother's driving without glasses or that she offered to do the driving after the glasses were broken. It is not disputed that every fact, circumstance, and condition relied on by the plaintiff as constituting negligence on the part of the defendant was fully known to and appreciated by plaintiff, and that, notwithstanding her knowledge of the defect in the eyesight of her mother and the fact that she was driving without the aid of glasses, the plaintiff paid no attention to the conditions in the road, but was content to sit by and read a book while her mother was driving at a speed of forty to forty-five miles an hour. If it

was negligence for the defendant to drive at this speed with her vision impaired as it was, and without the aid of glasses, it would follow that, where all these facts are fully known to and appreciated by the plaintiff, and notwithstanding such facts and such knowledge she was willing to be driven in the car, she not only assumed the risk or hazard to her own safety, which resulted from such driving, but, by her acquiescence, was guilty of independent negligence which contributed to the accident. The plaintiff identified herself with whatever negligence there was on the part of the mother because of her knowledge of all such facts and her approval, consent, and acquiescence in the driving of the car by her mother.

While there is no decision of this court on the precise situation shown by the evidence in this case, the court has stated the general rules as to the care to be exercised by a guest riding in a vehicle driven by another. In *Atwood* v. *Railway Co.* supra, it is said: "It no doubt is the law, as contended by appelant's counsel, that every occupant of a vehicle, in which he is riding, must always exercise ordinary care for his own safety, and if, by the exercise of such care, he could avoid injury to himself, but fails to do so, he cannot recover, regardless of the fact that he had no control or direction of the vehicle in which he was riding at the time of the accident and injury."

In the case of *Jackson* v. *Utah Rapid Transit Co.*, 77 Utah 21, 290 P. 970, 974, the court said:

"Such cases show that a guest or invitee in an automobile, having no control or direction of the management of it, is not held to the care required of the operator, and has the right to rely on the prudence, care, and skillfulness of the operator, in the absence of facts indicating an absence of such qualities. * * * If the guest or invitee knows that the driver is incompetent or careless, or unaware of an approaching danger, or is not taking proper precautions to avoid it, it again becomes the duty of the guest or invitee to caution or notify the operator. So, too, if the guest or invitee sees or knows that the operator is operating the automobile at an excessive, unlawful, or dangerous speed, or in violation of traffic rules or regulations, or

otherwise in mismanaging or driving the automobile in a careless manner, it again is the duty of the invitee or guest to protest and ask the operator to desist; and if the guest or invitee fails to do so, he may be regarded as having consented to or acquiesced in such violations or negligence of the operator, rendering the guest or invitee himself personally guilty of negligence."

The rule has been announced in many cases that, while negligence of a driver of an automobile is not imputable to a guest so as to bar a right of recovery, nevertheless the conduct of the invited guest in entering an automobile and continuing to ride therein without objection when he knew or must have known that the driver was intoxicated establishes independent negligence on the part of such invitee or guest and bars the right of recovery. *Lynn* v. *Goodwin*, 170 Cal. 112, 148 P. 927, L. R. A. 1915E, 588; *Wayson* v. *Rainier Taxicab Co.*, 136 Wash. 274, 239 P. 559, 45 A. L. R. 290; *Rau* v. *Smuda*, 175 Minn. 328, 221 N. W. 232; *Franco* v. *Vakares*, 35 Ariz. 309, 277 P. 812; 1 Berry, Automobiles (6th Ed.) § 681; Babbitt, The Law Applied to Automobiles (2d Ed.) § 1206; 2 Blashfield Cyc. of Automobile Law, 1089. So, also, where the negligence relied on is excessive or unlawful speed, and the guest of the driver, with knowledge of the speed at which the car is driven, makes no objection, he cannot recover, since it is conduct of which he approved and in which he acquiesced. 1 Berry, Automobiles (6th Ed.) §§ 665 and 689; *Wagenbauer* v. *Schwinn*, 285 Pa. 128, 131 A. 699; *Olson* v. *Hermansen*, 196 Wis. 614, 220 N. W. 203, 61 A. L. R. 1243; *Fair* v. *Union Traction Co.*, 102 Kan. 611, 171 P. 649; *Harding* v. *Jesse*, 189 Wis. 652, 207 N. W. 706, 708. On entering an automobile, a guest assumes the dangers incident to the known inexperience or incapacity of the driver. *Cleary* v. *Eckart*, 191 Wis. 114, 210 N. W. 267, 51 A. L. R. 576; *Thomas* v. *Steppert*, 200 Wis. 388, 228 N. W. 513; *Morgan Hill Paving Co.* v. *Fonville*, 218 Ala. 566, 119 So. 610; *Krueger* v. *Krueger*, 197 Wis. 588, 222 N. W. 784; *Daggett* v. *Lacey*, (Cal. App.), 9 P. (2d) 257.

In *Harding* v. *Jesse,* supra, where the negligence charged was that the defendant operated the car at an unlawful rate of speed, namely, between thirty-five and forty-five miles per hour, the court said in directing that the complaint be dismissed: "A gratuitous guest cannot idly sit by, observe clear violations of law, in fact acquiesce in them, and then, in the event of an accident, hold his host liable in damages. The privilege of a gratuitous ride is accompanied by a corresponding obligation, and such obligation must be met, if liability should ensue." And in answering the objection that the question of contributory negligence placed an issue for the jury, the court said: "This rule, however, does not apply in a case like this, where repeated violations as to speed are acquiesced in, and where no protest or remonstrance is uttered."

In *Krueger* v. *Krueger,* supra, it was held that the plaintiff, the mother of defendant, could not recover where the negligence relied on was the sleepy condition of the driver who had driven a long distance and was without sleep the night before, because the plaintiff had full knowledge of the condition of the driver and was bound to know, as a matter of common knowledge, what might result from the defendant dozing while at the wheel. Ordinarily a guest may not continue to ride in the car without protest against recklessness or negligence of the driver in charge of the car, thereby assuming the risk and participating in the negligence, and then claim that he was without fault. *Chambers.* v. *Hawkins,* 233 Ky. 211, 25 S. W. (2d) 363.

The duty thus imposed by law upon this plaintiff as a guest in the automobile of her mother, and in view of the circumstances shown by the record, was to exercise ordinary care for her own safety. Under other or different circumstances this duty might not arise. *Lochhead* v. *Jensen,* 42 Utah 99, 129 P. 347. What constitutes ordinary care is, of course, dependent upon the facts and circumstances of each case. The evidence shows without contradiction that the plaintiff had full knowledge

of the condition of the eyesight of her mother, the fact that she was driving without glasses, and the rate of speed at which the car was driven. That she appreciated the danger or risk is shown by her inquiry of her mother as to whether she was getting along all right. She was herself an experienced driver and is charged with knowledge of the dangers and risks incident to a nearsighted driver without glasses driving at a high rate of speed. She cannot ignore such obvious dangers or intrust her safety absolutely to the driver under such circumstances. Because of her acquiescence and consent to be driven under these circumstances, she herself participated in the negligence which caused the injury, and she is therefore barred from recovery.

The judgment of the district court of Salt Lake county is affirmed, with costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.