364 P.2d 1015

P. K. EDMUNDS, Ella M. Edmunds, Charlotte Edmunds, a minor, Franklin Edmunds, a minor, John Edmunds, a minor and Ann Edmunds, a minor, by their guardian ad litem, Ella M. Edmunds, Plaintiffs and Respondents,

v.

Kenneth GERMER, Jed R. Abbott, and David R. Waldron, d/b/a Germer, Abbott & Waldron, Defendants and Appellants.

No. 9349.

Supreme Court of Utah.

Sept. 20, 1961.

216

Ray, Quinney & Nebeker, Albert R. Bowen, Salt Lake City, Young, Thatcher & Glasmann, Ogden, for appellants.

Wayne C. Durham, Clinton D. Vernon, Salt Lake City, for respondents.

CALLISTER, Justice.

Defendants appeal from six judgments entered against them in favor of plaintiffs for a total sum of $16,000 upon verdicts returned by a jury.

This is a personal injury action arising out of an accident which occurred November 27, 1955, on an abandoned section of U. S. Highway 91, about 1½ miles north of Paragonah, Utah. Defendants had contracted with the Utah State Road Commission to construct a new section of U. S. 91, which new section paralleled to the east the old highway for a distance of approximately 12 miles.

On the day of the accident the new section was completed and had been open to travel for several weeks. The defendants had made several cuts across the old highway, pursuant to their contract, to provide drainage for the area between the old and new highways. Also, several access roads. had been constructed from the new to the old highway for the convenience of the people owning property to the west of the old highway. According to defendants' evidence, barricades and warning signs had been placed at both the north and south confluences of the two roads. Also, that some 200 feet of the south end of the old road had been torn up. However, it is undisputed that there were no warning signs or barricades at the point of the accident. Approximately 12 days before the day of the accident all operations of the defendants.

had been suspended, for seasonal reasons, by order of the Road Commission.

On the day of the accident, Dr. P. K. Edmunds, his wife, four of his children and a guest decided to go for a drive to inspect farm property which the doctor owned situated on both sides of the old and new highways near the south end of the construction project. They drove north from Cedar City on U. S. 91, passed the south junction of the old and new highways, and, using the new road, traveled to a point near the north end of his property. After briefly inspecting his property on the east, Dr. Edmunds drove over to the old highway by means of an access road to look at his property on the west side of the old road. After inspecting this property, and possibly after stopping to look at some flowing wells, the doctor drove the automobile south on the old road. He had proceeded about one mile when he drove into one of the aforementioned drainage cuts.

The accident occurred sometime between 3:30 and 4:00 in the afternoon. The weather was clear and the visibility good. The road at the point in question was level and unobstructed.

For the injuries sustained in the accident, the jury returned the following verdicts in favor of the plaintiffs:

| | |
|---|---|
| Dr. P. K. Edmunds | $11,500 |
| Mrs. Ella M. Edmunds, wife | 2,500 |
| Charlotte Edmunds, daughter | 500 |
| John Edmunds, son | 500 |
| Franklin Edmunds, son | 500 |
| Ann Edmunds, daughter | 500 |

Defendants made timely motions for directed verdicts at the conclusion of plaintiffs' evidence and at the conclusion of their own case. They also made a motion for a judgment notwithstanding the verdicts and a motion for a new trial. All motions were denied and defendants appeal.

Defendants first contend that failure to erect barricades or place warning signs at or near the drainage cut or at the access road used by plaintiffs was not negligent in view of the fact that the old road was taken out of service and was no longer used for traffic. Further, that they had complied with the terms of the contract with the State, and were not in control of the road at the time of the accident.

As to the latter point, the defendants had not completed the contract at the time of the accident. It was still incumbent upon them to scarify the old road. True, their work had been suspended for seasonal reasons; however, this did not relieve them, either under their common law or contractual duty, from adequately warning the public by signs or barricades of any dangerous conditions.

It is stated in 71 A.L.R. at page 1207:

" * * * There is considerable authority that seems to support the view that, even where an old road has been abandoned, travelers must be protected,

at least by being notified in some adequate way of the fact that the old road has been abandoned; and some of the cases go so far as to hold that barricades or notices warning the public of the danger of continuing to use the old road must be so placed as to put an unwary and unsuspecting traveler upon his guard."[1]

■ In the instant case the adequacy and sufficiency of the warning signs and barriers placed at both ends of the old highway to protect travelers was a jury question.[2] The jury, within its prerogative, found that they were not.

■ The fact that the defendants may have complied with the terms of the contract with the State in erecting the signs and barriers does not absolve them from negligence. The terms of the contract could not reduce the extent of their obligation to use reasonable care to protect travelers.[3]

■■ Defendants next contend that Dr. Edmunds was guilty of contributory negligence as a matter of law, and that such negligence was the sole proximate cause of the accident. This poses a difficult problem. Ordinarily, the question of contributory negligence is one of fact for determination by the jury.[4] However, where the undisputed facts are of such a character that reasonable minds can arrive at but one conclusion, namely, that the injured party was not exercising the degree of care imposed by law, it is the duty of the court to declare such conclusion as a matter of law.[5]

Certainly, under the facts, Dr. Edmunds must be charged with the knowledge that the new highway was in use and that the old one had been taken out of use. This would place upon him a responsibility to use a greater degree of care in driving upon the old highway than upon a highway in use. The drainage cut was at least, according to Dr. Edmunds, 10 to 12 feet across and from "two and a half to maybe three feet deep." The accident occurred in broad daylight, the weather was clear, the road level, and the view entirely unobstructed.

■ Under these circumstances, it is difficult, if not impossible, to understand how a person, exercising a reasonable amount of care, could fail to see the drainage cut

1. See also Breedon v. White, 62 Ariz. 256, 156 P.2d 904 and cases cited therein.
2. 19 McQuillan, Municipal Corporations, 3rd Ed., p. 358; 5A Blashfield, Cyc. Auto. Law, Perm.Ed., p. 304; Seregos v. C. W. Wood Inc., 3 Cir., 193 F.2d 741; Kuska v. Nichols Const. Co., 154 Neb. 580, 48 N.W.2d 682.
3. State Construction Co. v. Johnson, 88 Ga.App. 651, 77 S.E.2d 240.
4. Federated Milk Producer's Ass'n, Inc. v. Statewide Plumbing, 11 Utah 2d 295, 358 P.2d 348.
5. Maybee v. Maybee, 79 Utah 585, 11 P. 2d 973.

in time to avoid the accident. And, if this were all, the court could probably conclude that Dr. Edmunds was guilty of contributory negligence as a matter of law, for the law not only places upon a driver of an automobile the responsibility of seeing things which are apparent, but charges him with the consequences of failing to see what, in the exercise of ordinary care, he should have seen.[6]

However, this is not the situation here presented. Dr. Edmunds did not testify that he *failed* to see the cut. He testified that he *did* see it, but that it had the appearance of being an asphalt access road crossing the old highway. When he realized the mistake, it was too late to stop his car. While other persons, including members of this court, might conclude that Dr. Edmunds was negligent, yet it cannot be said that reasonable minds could not conclude that he was exercising the degree of care imposed by law under the circumstances. The issue was properly submitted to the jury, who, having viewed the scene of the accident, resolved the issue in favor of the plaintiffs.

Defendants complain that the damages awarded Mrs. Edmunds and the four children are excessive and that the trial judge erred in giving the jury an instruction which permitted them to take into consideration, in assessing damages, the future disability of and permanent injury to all of the plaintiffs. With the exception of Dr. Edmunds, there is no evidence of either future disability or permanent injury suffered by the plaintiffs. The children were frightened and suffered minor scratches and bruises, but these healed in a very short time. They received no medical treatment and no medical expenses were incurred. Mrs. Edmunds suffered a bump on the head, a twisted ankle, and a sore back. X-rays were taken to determine the extent of her injuries. No fractures were discovered and, with the exception of dosages of aspirin, she received no medical treatment. She carried on her household duties, and, in less than a week after the accident, she drove her husband from Cedar City to Las Vegas, Nevada. At the trial she testified that she was completely healed.

Thus, the court erred in permitting the jury to consider the future disability or permanent injury of Mrs. Edmunds and the children. The size of the verdicts in favor of these plaintiffs is such as to give the impression that the jury was influenced by this error and it was therefore prejudicial.

We have examined the other assignments of error, relating to instructions and determine them to be without merit.

Judgment in favor of P. K. Edmunds is affirmed. Judgments in favor of Ella M. Edmunds and the minors, Charlotte Ed-

6. Spackman v. Carson, 117 Utah 390, 216 P:2d 640.

munds, Franklin Edmunds, John Edmunds and Ann Edmunds, by their guardian ad litem, Ella M. Edmunds, are reversed, and the causes remanded for a new trial. No costs awarded.

WADE, C. J., and McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent. It is incredible for me to believe that the doctor, native of the area and completely acquainted with the old and new roads, who actually had sold to the State land lying on both sides of and for the purpose of constructing the new road, was a reasonable and prudent person in the peripatetic excursion he made back and forth over and down a known abandoned road. In my opinion his urging of compunction on the part of the contractor in this case should be leveled against himself. The compunction of the jury in its unreasonable verdict, not only as to actionable negligence but as to the wholly uncalled for, unsupported and unrealistic verdicts for minor scratches and bruises, should be met by a reversal. It is highly significant that the guest in the doctor's car never felt justified in suing the contractor, although the doctor did a year and a half later, after what this writer believes was the product of irresponsible carelessness in driving at 45 miles per hour on an abandoned highway, in broad daylight, into what appears almost to have been a yawning chasm. To justify payment for such irresponsibility prevents rendering lip service, even, to our oft-repeated conclusion that one may not recover if he fails to see that which is obvious, or blindly neglects to do so. I believe our affirmance here to be an unwarranted deification of the jury system, which, like humans generally, is not without its imperfections.

The citation in the main opinion at 71 A.L.R., p. 1207, seems inapropos here since it applies to the "unwary and unsuspecting traveler." This writer simply cannot believe the doctor to have been either or both.