479 P.2d 474

**Larry SOLT, an infant by and through his guardian ad litem, Dean L. Solt, Plaintiff and Appellant,**

**v.**

**Arvin F. GODFREY, Defendant and Respondent.**

**No. 11927.**

Supreme Court of Utah.

Jan. 12, 1971.

McMillan & Browning, Salt Lake City, David E. Yokom, Midvale, for plaintiff and appellant.

Kipp & Christian, Carman E. Kipp, D. Gary Christian, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

This is an appeal from a jury verdict of no cause of action. The plaintiff, at the time of the accident, was minor child, two years, eight months old. He was wearing a white diaper only. The day was clear, the sun shining and visibility unlimited. There were no parked vehicles, bushes, trees, weeds, or other obstructions along or upon the street which would in any way interfere with the ability of a motorist to see children upon the street or in close proximity thereof.

The defendant was driving his automobile in an easterly direction on 3300 South Street, and as he approached 1800 West Street (which ran north from the street upon which he was traveling), he noticed some small children playing on the northeast corner of the intersection.

The area was *residential*[1] and the speed limit was 25 miles per hour.[2]

The defendant testified that he was traveling at a speed of between 30 and 35 miles per hour when he observed a small boy come upon the roadway from the south some 60 to 80 feet ahead of him; that he applied his brakes, but was unable to avoid striking the child with his car. He said his car went from one-half to a full car length after striking the infant.

A passenger in a westbound car about a half block to the east testified that he saw a ball about nine inches in diameter roll slowly across the street from the north to south and the infant child slowly following it; that he saw the defendant and assumed he would stop before striking the child, but that he did not do so.

Some children, including the infant, had been playing in a rubber swimming pool to the south of 3300 South Street until the infant's mother called them to come across the street. The mother testified that she watched them until they were safely across, then she went into her house.

There were no other children on the south side of the street at the time of the accident; and if the infant was not following his ball as it rolled across the street, one must believe that he left his older sister and the other children simply to be by himself on the south side of the street.

Even if we assume that the boy was on the south side of the street, he was in plain view, and the defendant does not contend that there was any sudden darting from behind anything which would have obscured his vision. The roadway and shoulders were level and practically flat.

1. Sec. 41–6–8(e) U.C.A.1953.

2. Sec. 41–6–46(1) and (2) U.C.A.1953.

Title 41, Chapter 6, U.C.A.1953 provides the standard of care to be exercised by motorists:

Section 46(1) provides:

No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

(2) Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

\*    \*    \*    \*    \*    \*

(b) Twenty-five miles per hour in any business or residential district.

The duty of a motorist to keep a proper lookout is as stated in 60A C.J.S. Motor Vehicles § 284, to be as follows:

Although the operator of a motor vehicle is not held, as a matter of law, to be under a duty to look in a specific direction at a specific time, he must keep a lookout ahead, or in the direction in which he is traveling, or in the direction from which others may be expected to approach, and is bound to take notice of the road, to observe conditions along the way, or conditions immediately adjacent to the street, and to know what is in front of him for a reasonable distance. (Sub-paragraph (1)).

A motorist has no right to assume that the road or street is clear. He is bound to anticipate the presence thereon of other persons, vehicles, or objects, and should be on the lookout for them, and act at all times so as to avoid collision with them or injury to them. (Sub-paragraph (2)).

Under the evidence given in this case, it is difficult to see how the jury could have found for the defendant unless they were misled by some instructions given by the Court. We will now give our attention to that phase of the trial of this case.

■ The plaintiff requested the Court to give an instruction in the following language:

You are instructed that general human experience supports the inference that when one in possession of his faculties looks in the direction of an object clearly visible, he sees it. When there is evidence to the effect that one did look, but did not see that which was in plain sight, in the exercise of ordinary care, it follows that either there is an irreconcilable conflict in such evidence, or the person was negligently inattentive.

The driver of a motor vehicle is charged with the duty of seeing those objects or persons which he would have seen had he been exercising reasonable care.

This instruction properly presented the plaintiff's theory of the case and should have been given, although it was refused.

The plaintiff being a mere infant could not be accused of contributory negligence or of owing any duty to the defendant. Nevertheless, the Court gave the following instruction:

A person who is exercising due care has a right to assume that others will also perform their duties under the law, and he has a right to rely and act on that assumption unless, in the exercise of reasonable care, he observes or should observe something to warn him to the contrary. In the absence of any such warning, it is not negligence for a person to fail to anticipate or avoid an accident which can result only from a violation of law or duty by another.

This instruction is not inaccurate as an abstract statement of law, nor would it be improper to give it in a case where it applied to any reasonable view of the evidence and contention of either party to the suit. But that is not the case here. There was no contention that the child was violating the law, and the instruction may well have been understood as so suggesting, and thus prejudicial to the plain-tiff. Exceptions were taken to the failure to give the requested instruction and to the giving of the one set out immediately above.

█ The court also gave another instruction to which no exception was taken. It is a proper statement of the law in a proper case and reads:

A person, who without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others is not expected nor required to use the same judgment and prudence that may be required of him in calmer and more deliberate moments.

In such a situation, his duty is to exercise only the degree of care which an ordinary prudent person would exercise under the same or similar circumstances.

If, at that moment, he exercises such care, he does all the law requires of him, even though in the light of after-events, it might appear that a different choice and manner of action would have been better and safer.

Had there been evidence of a sudden or unexpected situation arising without fault on the part of the defendant, the instruction would be proper. However, in this case, the sudden and unexpected situation arose when the defendant saw what he should have seen all the time. One who is

confronted with an emergency occasioned by his own neglect is not entitled to have such an instruction given to the jury. It tends to lead the jury to a belief that the Court thought there was a sudden emergency presented to a careful driver free from any negligence.

It appears to us that the failure to give the requested instruction and the giving of the one excepted to amounted to errors which undoubtedly caused the jury to decide as it did. We, therefore, reverse and remand the case for a new trial. The plaintiff is entitled to costs.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.