Sylvia KELLER, Plaintiff and Appellant,

v.

Dwight E. SHELLEY, Defendant, Third-Party Plaintiff and Respondent,

v.

Lottie DRAPER, Third-Party Defendant and Appellant.

No. 14189.

Supreme Court of Utah.

June 14, 1976.

Don R. Petersen, of Howard, Lewis & Petersen, Provo, for appellants.

J. Anthony Eyre, of Kipp & Christian, Salt Lake City, for respondent.

ELLETT, Justice:

In the early evening of December 31, 1973, the appellants were traveling south on the inside lane of a four-lane highway. There were two lanes of traffic in each direction. As the appellants approached their destination they activated their turn signal and came to a stop waiting for oncoming traffic to clear so they could turn left. At this same time respondent was traveling in the same southernly direction on the outside lane at approximately 40 miles per hour. He was closely following another vehicle and was waiting to clear the intersection he was approaching so that he could change to a faster lane. Once through the intersection, respondent changed to the inside lane and accelerated to between 50 and 55 miles per hour. He saw the appellants waiting to turn, slammed on his brakes and struck the appellants from the rear causing personal and property damage.

At the scene of the accident, and for some distance in either direction, the highway is straight and level. The road was dry and the weather was clear. The accident occurred at dusk when it was not completely dark, yet all the surrounding street lights were illuminated.

There is some conflict in the record as to the exact distance from the point of impact where respondent changed lanes. The respondent testified that it was about one-third of a mile.

Appellants testified they were waiting on the inside lane to turn rather than in the dividing area because the street markings were not visible due to excessive road dirt.

The jury found that respondent was not negligent, apparently based upon a special "unexpected danger" instruction given by the court; but nonetheless awarded damages to appellants. The trial court, in interpreting the verdict, entered judgment in favor of respondent and against appellant, no cause of action. This appeal followed the court's denial of a directed verdict and motion for a new trial.

▓ The law of the road is that the driver of a motor vehicle intending to pass another vehicle must see to it that the conditions on the road are such that his attempt to overtake and pass the vehicle ahead of him can be safely completed.[1]

It has been the law of this State ever since *Dalley v. Mid-Western Dairy Products Co.*:

> That it is negligence as a matter of law for a person to drive an automobile upon a traveled public highway used by vehicles and pedestrians, at such a rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him.[2]

▓ The general *Dalley* rule has been modified by subsequent cases involving unexpected dangers.[3] But in applying the unexpected danger test we have unanimously held that

> . . . one who is confronted with an emergency occasioned *by his own neglect* is not entitled to have such an instruction [an unexpected danger] given to the jury. It tends to lead the jury to a belief that the court thought there was a sudden emergency presented to a careful driver free from any negligence.[4] [Emphasis added.]

Had there been evidence of a sudden or unexpected situation arising without fault on the part of the respondent the special jury instruction would have been proper. However, in this case the sudden and unexpected situation arose when the defendant saw what he should have seen all the time.

The giving of the unexpected danger instruction in this case amounted to error which undoubtedly caused the jury to decide as it did. We, therefore, reverse and remand the case for a new trial. Appellants are entitled to costs.

CROCKETT, and MAUGHAN, JJ., concur.

TUCKETT, Justice (dissenting):

I dissent.

The roadway where the collision occurred had, in addition to two driving lanes in each direction, a left-turn lane. The left-turn lane was marked by appropriate lines. The automobile being operated by Lottie Draper in which the plaintiff was a passenger should have waited in the left-turn lane to make a left turn rather than in the southbound driving lane. Had

1. *Devine v. Barton*, 22 S.W.2d 877, Mo.App. 1930; 7 Am.Jur.2d, Automobiles and Highway Traffic, Sec. 221.

2. *Dalley v. Mid-Western Dairy Products Co.*, 80 Utah 331, 336, 15 P.2d 309, 310 (1932); see *Hirschbach v. Dubuque Packing Co.*, 7 Utah 2d 7, 316 P.2d 319.

3. *Fretz v. Anderson*, 5 Utah 2d 290, 300 P.2d 642 (1956); *Nielsen v. Watanabe*, 90 Utah 401, 62 P.2d 117 (1936).

4. *Solt v. Godfrey*, 25 Utah 2d 210, 479 P.2d 474 (1971).

the driver of the plaintiff's vehicle been in the proper lane the defendant could have passed in safety and the unexpected danger would not have existed.

I would affirm.

HENRIOD, C. J., concurs in the views expressed in the dissenting opinion of TUCKETT, J.