FILLMORE PRODUCTS, INC., a Utah Corporation, Plaintiff and Respondent,

v.

WESTERN STATES PAVING, INC., a Utah Corporation and United States Fidelity and Guaranty Company, Defendants and Appellants.

No. 15518.

Supreme Court of Utah.

Feb. 9, 1979.

Phillip L. Foremaster, St. George, for defendants and appellants.

Dexter L. Anderson, Fillmore, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant Western States Paving, Inc. appeals from a judgment entered in favor of plaintiff Fillmore Products, Inc. claiming the evidence does not support the verdict. A jury found that defendant breached a subcontract with plaintiff, and awarded plaintiff $13,990.82 on the first cause of action, no amount on the second cause of action, and $5,495.00 on the third cause of action. We affirm. Costs are awarded to plaintiff.

In July of 1974, defendant entered into a contract with the Town of Ferron, in Emery County, Utah, to construct improvements in the sewage system. Defendant then contracted with plaintiff for the construction of certain portions of the system, pursuant to two subcontracts dated July 8 and August 1, 1974. Both subcontracts provided that defendant would furnish certain materials to be used by Fillmore in the project, and that defendant would pay plaintiff's weekly payroll. Plaintiff was to be paid based upon work completed when defendant, as the general contractor, received payments from the Town of Ferron.

Plaintiff began work in the latter part of July, 1974, and worked until the middle of October, 1974, when it refused to continue because it had not been paid. Although defendant had received two payments from the Town of Ferron, it had not paid any sums to plaintiff because, as it claimed, it had advanced more money to plaintiff for payroll and costs than it owed under the subcontracts.

In its first cause of action, plaintiff alleged defendant owed $34,738.39 under the subcontract as a result of its breach, after deducting all legitimate advances. Plaintiff alleged in the second cause of action that defendant's failure to pay caused plaintiff to lose certain construction equipment being purchased on a conditional sales contract, resulting in damages totalling $35,000. The last cause of action was for $5,495 due plaintiff for defendant's rental of equipment on a previous project between the parties.

Defendant alleged that plaintiff breached the subcontract, and that defendant should be allowed to recover $49,600, which was the additional amount it expended to complete the project.

██ Defendant's main point on appeal is simply that the jury's verdict was not supported by the evidence, and therefore the judgment should be reversed. We have often stated the standard of review which we apply as to such an assertion, and we reiterate it now: The jury has the responsibility to determine issues of fact, and in so doing they necessarily accept the testimony of certain witnesses, discounting conflicting testimony. We do not substitute our belief for theirs unless there is no competent evidence to support the verdict.[1]

██ In this case, the jury faced two fundamental questions, both of which were completely within their province to decide: (1) who breached the subcontracts, and (2) what amount of damages resulted from the breach? Defendant asserts in its brief that the jury's answer to these two questions is not supported by the evidence, but defendant makes no references to the pleadings or the lengthy transcript of the trial to support his claim.

We expect that on appeal, an appellant will facilitate a proper review of the record with appropriate references to pages supportive of his assertions, and, where necessary, with abstracts of the trial transcript.[2] Despite the absence of such assistance in this case, we have reviewed the record and conclude that competent evidence exists to support the verdict, and it must therefore be affirmed.

██ Defendant also contends the trial court erred in allowing the jury to consider plaintiff's second cause of action, because the claim for damages therein was too remote to be compensable under Utah law. In view of the fact the jury awarded plaintiff nothing on the second cause of action, we fail to discern any prejudice to defendant; the error, if any was made, was harmless.[3]

CROCKETT, C. J., and WILKINS and HALL, JJ., concur.

STEWART, J., does not participate herein.

1. *Uinta Pipeline Corp. v. White Superior Co.,* Utah, 546 P.2d 885 (1976).

2. Rule 75(e), (p)(2), Utah Rules of Civil Procedure.

3. *Lee v. Howes,* Utah, 548 P.2d 619 (1976).