Sharon H. COLLIER, Plaintiff and Appellant,

v.

Rick L. FRERICHS, Defendant and Respondent.

No. 16906.

Supreme Court of Utah.

Feb. 20, 1981.

Glen M. Richman, Salt Lake City, for plaintiff and appellant.

John M. Chipman, Salt Lake City, for defendant and respondent.

STEWART, Justice:

This case results from an accident in which defendant's vehicle collided with the rear of plaintiff's vehicle. Plaintiff's action in the court below resulted in a jury verdict of no cause of action. The motion for a new trial was denied and she appeals. Plaintiff contends that failure to drive at a prudent speed constitutes negligence as a matter of law and that the evidence in the instant case could not support a verdict that defendant was not negligent.

The conditions of the road on the night of the accident were poor. It was dark and there were no street lights. The road was snowpacked and slippery. Prior to the collision plaintiff's vehicle had been stuck in the driveway of her home. Her husband used his vehicle to pull her out of the driveway and onto the street. Upon entering the street plaintiff proceeded north while her husband stopped his vehicle in the southbound lane facing south preparing to drive back into the driveway. Defendant, proceeding north on the same street, first passed the vehicle driven by plaintiff's husband and then collided with plaintiff's vehicle.

The investigating officer estimated that plaintiff was driving at 10 miles per hour and defendant at 20 miles per hour upon impact. It was further estimated that defendant was traveling at 35 miles an hour prior to the collision.

Plaintiff cites *Keller v. Shelley*, Utah, 551 P.2d 513 (1976), and *Dalley v. Midwestern Dairy Products Company*, 80 Utah 331, 15 P.2d 309 (1932), for the proposition that defendant was guilty of negligence as a matter of law. In *Keller* this Court stated:

It has been the law of this State ever since *Dalley v. Mid-Western Dairy Products Co.*:

That [sic] it is negligence as a matter of law for a person to drive an automobile upon a traveled public highway [sic] used by vehicles and pedestrians, at such a rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of

him. [Footnote omitted.] [551 P.2d at 514.]

Plaintiff also contends that, even if not guilty of negligence as a matter of law pursuant to the *Dalley* rationale, the verdict that defendant was not negligent must be set aside because the evidence requires a finding of negligence.

■ Defendant counters the first argument by pointing out that plaintiff did not raise the issue in the trial court. He neither objected to the stock instruction on negligence given to the jury, nor proposed an instruction that defendant was negligent as a matter of law. No motion was made for a directed verdict or for a judgment notwithstanding the verdict. See Rule 50, Utah Rules of Civil Procedure; *Henderson v. Meyer*, Utah, 533 P.2d 290 (1975). Nor did plaintiff propose an instruction directing the jury to find negligence. The issue may not be raised here for the first time.

As to the sufficiency of the evidence, defendant contends that his speed was appropriate for the conditions and that the glare of plaintiff's husband's headlights prevented him from observing plaintiff's vehicle in time to avoid the collision, although he claims he took immediate action in an attempt to avoid the collision once he became aware of plaintiff's vehicle.

■ The circumstances surrounding the accident, namely the weather, road conditions, and the alleged glaring headlights of plaintiff's husband's vehicle, renders the *Dalley* rule inapplicable. A motorist colliding with a vehicle on the highway is not guilty of negligence as a matter of law, irrespective of the prevailing conditions, *Fretz v. Anderson*, 5 Utah 2d 290, 300 P.2d 642 (1956); *Nielsen v. Watanabe*, 90 Utah 401, 62 P.2d 117 (1936). The negligence of a motorist on a snowpacked highway whose vision is suddenly impaired by lights of other vehicles is determined by the standard of ordinary care exercised by a reasonably prudent person under the same circumstances, see *Fretz v. Anderson, supra*.

■ In light of the evidence, the jury verdict was not so unreasonable to justify

our substituting our own judgment for that of the jury. If we were sitting as a jury, we may have reached a result contrary to that reached below, but we will not substitute our view of the evidence for that of the jury's unless there is no competent evidence to support the verdict. *Fillmore Products, Inc. v. Western States Paving, Inc.*, Utah, 592 P.2d 581 (1979); *Hidden Meadows Development Company v. Mills*, Utah, 590 P.2d 1244 (1979).

The judgment is affirmed. Costs to Respondent.

HALL, HOWE and CROCKETT,* JJ., and R. L. TUCKETT, Retired Justice, concur.

MAUGHAN, C. J., does not participate herein; TUCKETT, Retired Justice, sat.