**Ana MARQUEZ, Plaintiff and Appellant,**

v.

**PEPSI COLA BOTTLING COMPANY OF SALT LAKE CITY, Defendant and Appellee.**

**No. 920033–CA.**

Court of Appeals of Utah.

Aug. 20, 1992.

M. David Eckersley (argued), Prince, Yeates & Geldzahler, Salt Lake City, for plaintiff and appellant.

Dennis J. Conroy (argued), Campbell, Maack & Sessions, Salt Lake City, for defendant and appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff Ana Marquez appeals from a jury verdict finding her one hundred percent at fault and defendant Pepsi Cola zero percent at fault for an automobile-pedestrian accident in which plaintiff sustained personal injuries. We affirm.

## BACKGROUND

At approximately 9:00 a.m. on March 6, 1987, plaintiff was driving her 1983 Nissan Sentra east on Twenty-first South in Salt Lake City. It was rush hour and she was on her way to work. Her car started to malfunction, so she pulled over in the emergency lane of Twenty-first South, about four hundred feet east of the Ninth West overpass. Plaintiff got out of the driver's side door and walked to the front of the car. She opened the hood and checked and adjusted the battery cables. After she shut the hood, she walked back toward the driver's side of the car. Defendant's employee, Jeffrey Richards, was driving east in the right lane on Twenty-first South. He was driving defendant's vehicle, a Chevy one-ton truck with a utility bed. As Richards passed plaintiff's car, the rear view mirror on the passenger's side of the truck struck plaintiff in the upper arm and shoulder. She suffered injury to her neck, back and shoulder.

Plaintiff filed a complaint against defendant claiming that Richards, while driving in the course of his employment, was negligent in failing to keep a proper lookout and driving too fast for existing conditions. She argued that such negligence was the direct and proximate cause of the accident and demanded damages to compensate her for her physical injuries, lost wages, medical expenses, and pain and suffering.

Following a three-day trial, the jury returned a verdict of no cause of action, finding plaintiff to be one hundred percent at fault for the accident and defendant zero percent at fault. Plaintiff moved for a new trial, which the trial court denied. This appeal followed.

## ISSUES

Plaintiff raises the following issues on appeal: (1) whether Richards's failure to see plaintiff prior to hitting her constitutes

negligence as a matter of law; (2) whether the verdict is supported by sufficient evidence; and (3) whether the trial court erred in instructing the jury regarding the statutory duties of a pedestrian and the statutory duties in parking a car.

## ANALYSIS

### Negligence As A Matter of Law

■ Immediately following the accident, Richards told officers he saw plaintiff and swerved to miss her. At trial, however, Richards testified he saw plaintiff's car just prior to the accident, but did not see plaintiff. Plaintiff argues that Richards's failure to see her prior to the accident constitutes negligence as a matter of law. A determination of negligence is ordinarily a jury question, but it becomes a question of law when the undisputed facts permit only one reasonable conclusion. *FMA Acceptance Co. v. Leatherby Ins. Co.*, 594 P.2d 1332, 1335 (Utah 1979).

In *Solt v. Godrey*, 25 Utah 2d 210, 479 P.2d 474, 476 (Utah 1971), the supreme court set forth the duty of a motorist to keep a proper lookout as follows:

> Although the operator of a motor vehicle is not held, as a matter of law, to be under a duty to look in a specific direction at a specific time, he must keep a lookout ahead, or in the direction in which he is traveling, or in the direction from which others may be expected to approach, and is bound to take notice of the road, to observe conditions along the way, or conditions immediately adjacent to the street, and to know what is in front of him for a reasonable distance.
>
> A motorist has no right to assume that the road or street is clear. He is bound to anticipate the presence thereon of other persons, vehicles, or objects, and should be on the lookout for them, and act at all times so as to avoid collision with them or injury to them.

*Id.* (quoting 60A C.J.S. Motor Vehicles § 284). Plaintiff contends that Richards breached this duty when he failed to see her on the side of the road. Plaintiff claims that Richards was therefore negligent as a matter of law and the jury could

not properly have found him free from fault.

In *Solt*, defendant motorist was speeding through a residential area, when he hit and injured a two-year-old child who ran into the street following a ball. Defendant had "noticed some small children playing on the northeast corner of the intersection," and actually saw the boy walk into the street about sixty to eighty feet ahead of him. *Id.* 479 P.2d at 475. Defendant applied his brakes but was unable to avoid hitting the boy. In determining that defendant was negligent as a matter of law, the supreme court noted that the child was in plain view and there was no "sudden darting from behind anything which would have obscured his vision. The roadway and shoulders were level and practically flat." *Id.*

> The day was clear, the sun shining and visibility unlimited. There were no parked vehicles, bushes, trees, weeds, or other obstructions along or upon the street which would in any way interfere with the ability of a motorist to see children upon the street or in close proximity thereof.

*Id.*

Plaintiff refers us to the cases discussed below as authority for her position. In *Mingus v. Olsson*, 114 Utah 505, 201 P.2d 495 (Utah 1949), the court found decedent-pedestrian contributorily negligent as a matter of law in attempting to cross the street either because he failed to look, or having looked, failed to see what he should have seen. The pedestrian was crossing the street at night in an unmarked crosswalk. Defendant saw the pedestrian from ten feet away and swerved to try to miss him. Defendant also applied his brakes but was unable to avoid striking him. In determining that the pedestrian was contributorily negligent as a matter of law, the court cited evidence that the pedestrian "neither said nor did anything to indicate that he was at all aware of the danger presented by defendant's approaching automobile." *Id.* 201 P.2d at 498. The court also stated that a "mere glance in the direction of the approaching automobile" did not constitute reasonable care under the

circumstances. *Id.* 201 P.2d at 499. The court stated that "[t]he duty to look has inherent in it the duty to see what is there to be seen, and to pay heed to it." *Id.*

In *Edmunds v. Germer,* 12 Utah 2d 215, 364 P.2d 1015 (Utah 1961), however, the Utah Supreme Court determined that the driver was not contributorily negligent as a matter of law. There, plaintiff drove into a drainage cut on an old highway. It was afternoon, the weather was clear and the visibility was good. The road was level and unobstructed. Plaintiff sued the construction company that had worked on the road and made the drainage cuts. Plaintiff testified that he saw the cut, which was about ten to twelve feet across and from two and one-half to three feet deep, but he did not realize what it was until it was too late to stop his car. The court found that the construction company was negligent in failing to warn of the condition but refused to find that plaintiff was contributorily negligent as a matter of law. The court stated that because reasonable people could differ as to whether plaintiff was "exercising the degree of care imposed by law under the circumstances," it upheld the jury's determination that he was not negligent. *Id.* 364 P.2d at 1018.

Plaintiff cites cases from other jurisdictions as being supportive of her position. In *Gilliland v. Rhoads,* 539 P.2d 1221 (Wyo.1975), decedent was attempting to move cattle from the road, when defendant, without making any visible efforts to stop, drove his car into the cattle. Defendant's car swerved from the impact and hit a pickup truck parked on the side of the road, which in turn hit and killed decedent who was standing behind the pickup. It was dark when the accident occurred. Evidence was presented that decedent's friend waived his flash light and tried to stop defendant as he approached, but was unable to do so. Emergency flashers were on the pickup truck and defendant testified that as he approached, he saw the lights and thought there had been an accident. "The defendant was on a long straight and

level stretch of road with no hills, curves or other obstacles to interfere with his vision. . . . There was nothing to distract or disconcert him." *Id.* at 1227–28. The court determined that defendant was negligent in failing "to see what could have been seen within the range of his headlights and what he should have seen." *Id.* at 1227.

In *Hallett v. Stone,* 216 Kan. 568, 534 P.2d 232 (1975), defendant was driving about a half block behind plaintiff. She suddenly noticed that plaintiff's car had stopped to wait for another car to make a left turn. Defendant did not see plaintiff's car decelerate or see any tail lights or arm signal indicating plaintiff's vehicle was stopping. Defendant applied her brakes but was unable to stop before striking plaintiff's car. In determining defendant was negligent as a matter of law, the court noted that she had a clear and unobstructed view of plaintiff's car prior to the accident. *Id.* 534 P.2d at 241–42.[1]

In each case cited where the court found negligence as a matter of law, the party had a clear and unobstructed view of the person or object prior to the accident. In each case, the party was not keeping a proper lookout or was not driving or acting safely under the circumstances, such that the only reasonable conclusion was that the party was negligent. For instance, in *Solt,* the driver actually saw the boy before he hit him and was traveling over the speed limit in a residential area. In *Gilliland,* the driver saw flashing emergency lights and although he testified that he thought there was an accident ahead, he did not slow down or in any way change his driving pattern. In *Hallett,* the defendant was not watching directly ahead to see that plaintiff had stopped. Similarly, in *Mingus,* the pedestrian had an unobstructed view of the approaching car and had he looked before crossing the street, he could have avoided the accident.

---

**1.** Plaintiff also cites *Brown v. Arthur,* 202 Va. 624, 119 S.E.2d 315 (1961). However, the appellate court upheld a jury finding of negligence rather than determining negligence as a matter of law.

■ In the present case, however, plaintiff's car was parked in the emergency lane of a busy street. Defendant was driving the speed limit and was in the center of his lane when the accident occurred. He testified that he saw plaintiff's car parked in the emergency lane and noticed that no flashers or lights were on. He stated that immediately prior to impact, he saw a blur in the middle of the right side of his windshield but did not actually see plaintiff before hitting her. Twenty-first South curves to the left from the Ninth West overpass to the accident scene. Defendant presented evidence that as a result of the combination of the curve and the traffic during early morning rush hour, the area where plaintiff's vehicle was located was not immediately visible to eastbound drivers proceeding from the Ninth West overpass towards the accident scene. An accident reconstructionist testified that in his opinion, under the traffic conditions as he assumed they existed at the time of the accident, Richards would not have been able to see any object in the approximate location of the accident until 1.9 seconds before the accident occurred.

Also, Trooper Slagowski, a Highway Patrol Officer was approaching the scene from the opposite direction of Richards at the time of the collision. He testified that prior to impact, plaintiff was standing in front of her car, approximately in line with the steering wheel. She then moved from that point north, toward the lane of traffic, where she was hit. In his opinion, Richards did not have sufficient time to see and avoid plaintiff once plaintiff stepped from in front of her car.

We conclude that because of the limited visibility Richards had of the area where plaintiff was, due to the curvature of the road and the heaviness of traffic, it was for the jury to determine whether Richards was negligent in failing to see plaintiff. Since the evidence is reasonably susceptible to more than one conclusion, it cannot be said that defendant was negligent as a matter of law, and we therefore, defer to the jury's verdict.

### Sufficiency of the Evidence

Defendant argues that the jury's verdict was not supported by sufficient evidence. She concedes that evidence was presented from which the jury could find her negligent, but she disputes the jury's finding that defendant was completely free from fault.

When determining whether a jury's verdict is supported by sufficient evidence, we consider the evidence "in the light most supportive of the verdict." *Von Hake v. Thomas,* 705 P.2d 766, 769 (Utah 1985). "[W]e will not substitute our judgment for that of the jury where the verdict is supported by substantial and competent evidence." *Id.* (citations omitted). The appellant has the burden of marshaling the evidence and demonstrating that, even when viewed in the light most favorable to the verdict, it is insufficient to support it. *Id.* (citing *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985)).

■ We conclude that the evidence presented was sufficient to support the jury's verdict. It was rush hour when the accident occurred and traffic was moderate to heavy. Cars were traveling in both lanes. Plaintiff's car was between eight and twelve inches from the white line separating the emergency lane from the right traffic lane. She testified that she was somewhere near the front corner of the driver's side of her car when she was struck by the mirror on defendant's truck. She was not sure where she was standing when she was hit. Richards testified that at the time of impact, the rear view mirror on the passenger's side of the truck was about even with the front bumper of plaintiff's car. She testified that she took a "quick glance" before attempting to walk to the driver's door. Although there were nearly three and one-half feet between the passenger's side of the car and the guard rail, she chose to walk on the driver's side.

In light of this evidence and the testimonies of the accident reconstructionist and Officer Slagowski regarding Richards's limited visibility, we find that there was sufficient evidence to sustain the verdict.

Jury Instructions

Plaintiff argues that the trial court erred in allowing two jury instructions, one regarding the duties of a pedestrian, and the other regarding the duties in parking a car. She argues that both instructions were based upon statutes that do not apply to plaintiff or her situation.

■ Each party is entitled to instruct the jury on its theory of the case if there is competent evidence before the jury to support it. *Newsom v. Gold Cross Serv., Inc.*, 779 P.2d 692, 694 (Utah App.1989).

## A. *Duties of a Pedestrian*

■ Plaintiff argues that the trial court erred in instructing the jury that plaintiff was subject to the statutory duties of a pedestrian because she claims that a motorist whose vehicle becomes disabled is not a "pedestrian" within the meaning of the statute relied upon in framing the instruction.

Instruction Twenty-eight reads:

It is the law of this State that a pedestrian shall walk only on the shoulder as far as practicable from the edge of the roadway. Thus, if Ana Marquez failed to conduct herself as described above, it is evidence of negligence, but subject to justification or excuse if the evidence is such that it reasonably could be found that the conduct was nevertheless within the standard of reasonable care set forth in the instruction defining negligence.

The instruction was based upon Utah Code Annotated section 41–6–82(2) (1988), which states in pertinent part:

Where a sidewalk is not provided, a pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway.

"Pedestrian" as used in the statute is defined as "any person afoot." Utah Code Ann. § 41–6–1(29) (1988). The statute makes no exception for persons whose cars have become disabled along the road, although a person in such a situation could reasonably have been contemplated by the legislature. Courts in other states have considered one on a highway due to a disabled car to be subject to the statutory duties of a pedestrian. *See Smith v. Rorvik*, 751 P.2d 1053, 1057–58 (Mont.1988); *Braswell v. Burrus*, 13 Md.App. 513, 284 A.2d 41, 43 (1971). We conclude that the statute includes persons whose cars have been disabled.

Instruction Twenty-eight in this case was sufficiently broad that the jury could have determined that plaintiff's actions were reasonable, and therefore not negligent, even if she breached the statutory duty of a pedestrian. We therefore find that the trial court did not err in giving the instruction to the jury.

## B. *Duty When Parking a Car*

■ Plaintiff challenges Instruction Thirty because she claims it was based upon a statute that does not apply to operators of disabled vehicles. Instruction Thirty reads as follows:

It is the law of this State that every vehicle stopped or parked on the right shoulder of a roadway shall be stopped or parked with its right-hand wheels within twelve (12) inches of the right-hand curb or as close as is practicable to the right edge of the right-hand shoulder. The failure to operate a motor vehicle as described above is evidence of negligence. Thus, if Ana Marquez failed to operate her vehicle in such a matter [sic], it could be considered evidence of negligence, but subject to justification or excuse if the evidence is such that it reasonably could be found that the conduct was nevertheless within the standard of reasonable care set forth in the instruction defining negligence.

The instruction was based upon Utah Code Annotated section 41–6–104(2) (1988) which reads, in pertinent part:

[E]very vehicle stopped or parked upon a one-way roadway shall be stopped or parked parallel to the curb or edge of the roadway in the direction of authorized traffic movement with its right-hand wheels within twelve inches of the right-hand curb or as close as practicable to

the right edge of the right-hand shoulder.

Section 41–6–104(2) does not apply to drivers whose cars have become "disabled while on the paved or main traveled portion of a roadway in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." Utah Code Ann. § 41–6–101 (1988).

Plaintiff claims that she should not have been held to the requirements of section 41–6–104(2) because, as she testified, her car rolled to a stop on the side of the road and she could not start it again. She argues that the statute governing parking is meant to regulate voluntary stopping and not forced stops caused by external factors. Defendant argues, however, that plaintiff voluntarily parked her car where it was, having control of its direction and brakes, and only after she did so, did it fail to start.

Defendant's theory of the case was that plaintiff brought her car to a stop before the engine died. There was competent evidence to support that theory and Instruction Thirty was therefore properly given. Also, under the instruction, the jury was free to determine that plaintiff's version of events was correct and that she exercised reasonable care under the circumstances, even if she breached the statutory duty. We therefore conclude that the trial court did not err in giving the instruction to the jury.

## CONCLUSION

We find that Richards's failure to see plaintiff prior to hitting her does not constitute negligence as a matter of law and that sufficient evidence was presented to support the jury's verdict. We conclude that the trial court did not err in giving instructions Twenty-eight and Thirty to the jury.

Affirmed.

BENCH and JACKSON, JJ., concur.